# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GLOBAL GOVERNANCE ADVISORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2206 |
| | § | |
| KINGDOM TECHNOLOGIES WORLDWIDE, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Global Governance Advisors, Inc.'s ("GGA") motion to dismiss Defendants' counterclaims. Dkt. 19. Defendants responded. Dkt. 20. Having considered the motion, response, and applicable law, the court is of the opinion that GGA's motion (Dkt. 19) should be DENIED.

### I. BACKGROUND

In 2015, GGA and defendant Kingdom Technologies Worldwide, LLC ("KTW") entered into a Joint Venture Agreement ("JVA") to purchase storage space at a tank farm for petroleum products. Dkt. 15-1 at 2 (original counterclaim). Under the JVA, GGA and KTW were to act as middlemen by buying petroleum products and storing them at a tank farm until the products could be sold at a profit. *See* Dkt. 1 at 3. The JVA required GGA to "utiliz[e] its contacts, expertise and financial resources to establish and maintain the total funding requirements necessary for the transactional cost to proceed in leasing a third Party Tank Farm lease, Logistic requirements and inspection services." Dkt. 15-1 at 2.

Some time later, the parties' deal went south. At least one of GGA's attempted wire transfers was unsuccessful, and payment did not reach the parties' chosen tank farm. *Id.* As a result, the parties failed to procure a lease on tank farm storage space and the joint venture failed to resell any petroleum products. *Id.*

GGA subsequently filed suit against KTW and other defendants, bringing a myriad of tort and contract-based claims. Dkt. 1. KTW filed counterclaims against GGA, claiming breach of contract and breach of fiduciary duty. Dkt. 15-1. GGA now moves to dismiss both of KTW's counterclaims, arguing that KTW has failed to state a claim as to both of its causes of action. Dkt. 19.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

# III. ANALYSIS

KTW contends that GGA breached its contractual duty by failing to provide funding to procure a lease on tank farm storage. Dkt. 15-1 at 2–3. KTW also contends that GGA breached its fiduciary duty to KTW by "misrepresenting its ability and access to contacts and resources to secure a tank farm lease." *Id.* at 3. The parties agree that Texas substantive law applies. Dkt. 19 at 5; Dkt. 20 at 5.

## A. Breach of Contract

First, GGA contends that KTW has failed to state a claim for breach of contract. Under Texas law, the elements of a breach of contract claim are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). GGA argues that KTW's pleading fails to address the second and third elements. Dkt. 19 at 5–6.

However, GGA's argument fails. First, KTW pled that it performed its obligations under the contract. Specifically, KTW pled that it "fulfilled its contractual duties by arranging for resellers to purchase petroleum products from the joint venture." Dkt. 15-1 at 2. GGA claims that this pleading is insufficient because it does not include "the identities of the resellers, the purchase terms, or any concrete factual allegations that there actually were resellers ready and able to purchase product from the joint venture." Dkt. 19 at 5. However, pleadings need not include such specificity. At the motion to dismiss stage, the court must assume that all facts in the complaint are true. *Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1050. Here, KTW factually pled that it arranged for resellers to purchase petroleum products, and the court must take this assertion at face value.

Second, KTW also sufficiently pled that GGA breached the parties' contract. KTW's pleading states that GGA "breached its contractual duties by failing to lease a third party tank farm to store petroleum products for resale to the resellers KTW arranged." Dkt. 15-1 at 2. KTW also pled that GGA "caused [the failed wire transfer] to fail" and therefore "failed to consummate a lease with a viable tank farm." Dkt. 15-1 at 2. Again, the court must take these factual allegations as true and draw all inferences in favor of the non-movant. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). If GGA did cause the wire transfer to fail, and therefore failed to "establish and maintain the total funding requirements necessary" to lease a tank storage farm, it is plausible that GGA breached the parties' contract. Dkt. 15-1 at 2. Therefore, GGA's motion to dismiss KTW's counterclaim for breach of contract is DENIED.[1]

## B. Breach of Fiduciary Duty

The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of the duty; (3) causation; and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). GGA contends that KTW failed to sufficiently plead that GGA committed a breach. Dkt. 19 at 7.

Again, however, KTW's pleading contains a short but factually supported claim that GGA breached a fiduciary duty. Specifically, KTW pled that GGA "breached its fiduciary duties to KTW by misrepresenting its ability to access to contacts and resources to secure a tank farm lease." Dkt. 15-1 at 3. A fiduciary relationship imposes duties of good faith, candor, and full disclosure with

---

[1] GGA attempts to avoid this outcome by presenting an affidavit that contradicts KTW's version of events. Dkts. 19, 19-1. However, this affidavit is impermissible extrinsic evidence and the court will not consider it on a motion to dismiss. *See Spivey*, 197 F.3d at 774 ("This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts."). The bulk of GGA's arguments turn on fact issues that cannot be resolved at the motion to dismiss stage.

regard to matters affecting the principal's interests. *Flanary v. Mills*, 150 S.W.3d 785, 795 (Tex. App.—Austin 2004, pet. denied). Therefore, if KTW's factual allegations are true and GGA did misrepresent its contacts and resources, it is plausible that GGA breached its fiduciary duties. GGA's motion to dismiss KTW's claim for breach of fiduciary duty is DENIED.

### IV. CONCLUSION

GGA's motion to dismiss KTW's counterclaims (Dkt. 19) is DENIED.

Signed at Houston, Texas on June 25, 2019.

_____
Gray H. Miller
Senior United States District Judge